# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RAFAEL A. JONES,                )
                                )
              Plaintiff,        )
                                )
       v.                       )          No. 4:09CV1003 JCH
                                )
EDDIE STOCKARD, et al.,         )
                                )
              Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, a civilly confined resident at the St. Louis Psychiatric Rehabilitation Center, brings this action under 42 U.S.C. § 1983 against several employees at the Center. Plaintiff's sole allegation is that several employees at the Center are attempting to commit "union fraud" by being "relieved of work" but still collecting a paycheck from the "state and union providers." The complaint seeks monetary relief.

## Discussion

The complaint shall be dismissed because, first, it lacks any allegations that plaintiff has been injured by defendants' alleged plans to conduct "union fraud," therefore, plaintiff lacks standing to bring this action. Lujan v. Defenders of Wildlife,

504 U.S. 555, 560 (1992) (plaintiff must have suffered a "concrete and particularized" injury to obtain standing). Moreover, there is no indication that defendants' purported actions are a deprivation of a constitutional or federal statutory right. See Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>23rd</u> Day of July, 2009.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE